UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEET METAL WORKERS NATIONAL ) | |
| HEALTH FUND, ) | |
| ) | Civil Action No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ATLAS BLOWPIPE & SHEET METAL WORKS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Sheet Metal Workers National Health Fund (Plaintiff), complaining of Atlas Blowpipe & Sheet Metal Works, Inc. (Defendant) alleges as follows:

1) This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, in particular 29 U.S.C. § 1145 (Section 515 of ERISA), and is a civil action to redress conduct of Defendant which has not paid employer contributions owed to the Plaintiff. Jurisdiction is premised upon 29 U.S.C. § 1132(e)(1) and (f).

2) Venue is based on 29 U.S.C. § 1132(e)(2) as Plaintiff is an employee welfare benefit plan as that term is defined at 29 U.S.C. §1002 (1) and (3), and is a multi-employer plan as that term is defined at 29 U.S.C. § 1002(37)(A); and, in that Plaintiff is administered in this judicial district through Southern Benefit Administrators, Incorporated of Goodlettsville, Tennessee.

3) The Plaintiff is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements. All principal and income

from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Plaintiff after paying administrative and other reasonable expenses.

4) Defendant is a business corporation organized under the laws of Louisiana and during all pertinent times, Defendant was a party to a collective bargaining agreement requiring payment of contributions to the Plaintiff on behalf of covered employees. Defendant was bound by the provisions of the trust agreement which created the Plaintiff and policies promulgated by Plaintiff about payment of the contributions. As such, Defendant is an employer and a party in interest as those terms are defined in ERISA at 29 U.S.C. §§ 1002(5) and 1002(14)(C).

5) Plaintiff operates on the basis of an employer self-reporting payment system whereby participating employers such as Defendant identify those employees for whom contributions are owed, identify the weeks worked by the covered employees, and based upon employee work history reported, the employers make contributions and payments to the Plaintiff.

6) The trust agreement by virtue of which the Plaintiff was created and operates along with the terms of 29 C.F.R. 2510.3-102 deem the contributions which are payable to Plaintiff from Defendant as "assets" of Plaintiff on the date due.

7) The collective bargaining agreement and trust agreements require prompt payment of all such contributions, failing which a delinquent employer may be assessed with attorney's fees and other fees for late payment, plus interest on unpaid contributions. Plaintiff operates pursuant to written procedures which authorize the entry of a judgment against an employer for contributions owed to include by mandate of the Court the greater of a doubling of the interest or liquidated damages based upon unpaid contributions in the amount of twenty percent (20%), all as allowed by 29 U.S.C. §§ 1132(g)(2)(C)(i) and (ii).

8) Section 306(a) of the Multiemployer Pension Plan Amendments Act of 1980, adding Section 515 of ERISA, 29 U.S.C. § 1145, provides that every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collective bargaining agreement shall, to the extent not inconsistent with law, make contributions in accordance with the terms and conditions of such plan or such agreement.

9) Defendant has breached the above-referenced provisions of ERISA, the collective bargaining agreement, and the policies of Plaintiff, such breach occurring by virtue of Defendant failing to timely pay the contributions and interest due thereon and having failed to timely submit reports with the employee work history for employees. As a consequence, Defendant owes Plaintiff liquidated damages which have not been paid.

10) An agent or agents of the Defendant exercise authority and control over money and other property of Defendant including the contributions payable from Defendant to Plaintiff. The agent or agents failed to cause Defendant to pay contributions to Plaintiff when the contributions were due and deemed to be an asset of Plaintiff. Instead, the agent or agents used Plaintiff's assets for business purposes of Defendant. The agent or agents of Defendant who controlled Plaintiff's assets were acting as a fiduciary of the Plaintiff within the meaning of 29 U.S.C. § 1002(21)(A) and failed to discharge fiduciary duties solely in the interest of Plaintiff's participants and beneficiaries as required by 29 U.S.C. § 1104(a)(1). The agent or agents of Defendant failed to act with the care, skill, prudence and diligence under the circumstances then prevailing, that a prudent person acting in a like capacity and familiar with such matters would use in conduct of an enterprise as required by 29 U.S.C. § 1104(a)(1)(B). Further, the agent or agents of Defendant caused Defendant to enter into a prohibited transaction that they knew or should have known constituted a direct or indirect transfer of Plaintiff's assets to Defendant in contradiction of 29 U.S.C § 1106(a)(1)(D); and, by

dealing with Plaintiff's assets in the interest of Defendant, the agent or agents of Defendant committed a prohibited transaction in violation of 29 U.S.C. § 1106(b)(2).

11) Despite demand by the Plaintiff that Defendant timely perform its statutory, contractual and trust obligations with respect to making timely contributions, Defendant has neglected and refused to do so, and currently owes liquidated damages on the untimely paid contributions.

12) The failure of Defendant to timely pay contributions on behalf of its employees will cause Plaintiff's participants who are employees of Defendant to suffer irreparable harm through the loss of benefits; further, employer delinquencies such as those of Defendant adversely affect and impact upon the financial integrity of the Plaintiff, and the failure to timely pay will cause the Plaintiff to lose the benefit of interest income that it would otherwise earn and will cause the Plaintiff to incur additional administrative expenses in connection with the remedying of the delinquencies of Defendant.

13) Copies of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail in accordance with the provisions of ERISA Section 502(h), 29 U.S.C. § 1132(h).

WHEREFORE, Plaintiff requests the following relief:

(a) After determining the identity of Defendant's agent or agents identified in paragraph 10 above, allow Plaintiff to name them as additional defendants in this action via Fed. R. Civ. P. 14(a)(3) and seek appropriate equitable and/or legal relief due to their action or inaction.

(b) A permanent injunction enjoining Defendant from violating the provisions of ERISA, the collective bargaining agreement, and the trust agreement requiring timely payment of contributions.

(c) A judgment against Defendant in favor of Plaintiff for all sums that are owed as of the date of the judgment plus the greater of double interest or single interest plus liquidated damages and all attorney fees and costs incurred in connection with this action.

(d) For such further or different legal or equitable relief as the Court may deem proper or just.

Respectfully submitted,

/s/ R. Jan Jennings
R. Jan Jennings, BPR No. 1536
Karla M. Campbell, BPR No. 27132
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel. (615) 254-8801
Email: janj@bsjfirm.com
Email: karlac@bsjfirm.com